## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FUZHOU MAOZEN IMPORT & EXPORT CO., LTD., DALIAN JIN YU METAL PRODUCTS CO. LTD., JIANGSU ZHONGHENG PET ARTICLES JOINT-STOCK CO., LTD., JIANGXI YIHAN IMP & EXP TRADE CO., LTD., and SHANGHAI TOYS IMP. & EXP. CO. LTD.,      \* \* \* \* \* \* \* | |
| Plaintiffs,      \* | |
|      \* | Civil Action No. 18-cv-10806-ADB |
| v.      \* | |
|      \* | |
| PETEDGE, INC., NORTHEAST RELIABLE SERVICES, INC. d/b/a PETEDGE ADMIN SERVICES, and DOES 1 through 10, inclusive,      \* \* \* \* \* | |
| Defendants,      \* | |

### MEMORANDUM AND ORDER ON
### MOTION FOR DEFAULT JUDGMENT

BURROUGHS, D.J.

Currently pending before the Court is Plaintiffs' motion for a default judgment against

Defendants. [ECF No. 11]. For the following reasons, the motion is GRANTED.

## I.    PROCEDURAL BACKGROUND

On April 25, 2018, Plaintiffs filed this action asserting claims for breach of contract, unjust

enrichment, and *quantum meruit* against Defendants PetEdge, Inc. ("PetEdge") and Northeast

Reliable Services, Inc. d/b/a PetEdge Admin Services ("Northeast Reliable") (together

"Defendants")[1]. [ECF No. 1 ¶¶ 37-56]. On May 7, 2018, Plaintiffs filed an affidavit of service

---

[1] Plaintiffs named "DOES 1-10" in the complaint with the acknowledgement that "Plaintiffs are ignorant of the true names and capacities of defendants named herein" and promised "to allege the true names and capacities of such defendants when they are discovered." See [ECF No. 1 ¶ 8].

asserting that Mea Provencher, an individual designated by law to accept service of process on behalf of PetEdge and Northeast Reliable, had been served with process on April 27, 2018 at 100 Cummings Center Suite 307B in Beverly, Massachusetts. [ECF No. 6]. Defendants were required to answer or otherwise respond to the complaint by May 18, 2018, and have failed to appear, plead, or otherwise defend this action. On June 28, 2018, Plaintiffs filed a request for notice of default, and the clerk entered Defendants' default on June 29, 2018. [ECF Nos. 7, 8]. In accordance with the Court's Standing Order [ECF No. 10], Plaintiffs filed a motion for default judgment on July 30, 2018,[2] and properly supported their motion with affidavits showing the amount due to each Plaintiff and a judgment form. See Fed. R. Civ. P. 55(b)(1); [ECF Nos. 11–16, 17-1].

Plaintiffs request a default judgment holding Defendants liable for their contractually obligated payments for goods ordered by Defendants and shipped by Plaintiffs in the amounts of $362,597.04 to Fuzhou Maozen; $66,078.66 to Dalian; $93,003.52 to Jiangsu Zhongheng; $82,235.12 to Jiangxi Yihan; and $129,678.96 to Shanghai Toys, plus post-judgment interest on each amount as determined by 28 U.S.C. § 1961.

## II.    FACTUAL BACKGROUND

Under Rule 55, the entry of default against each Defendant in this action constitutes an admission of liability. Sec. & Exch. Comm'n v. Esposito, 260 F. Supp. 3d 79, 84 (D. Mass. 2017) (quoting Vazquez-Baldonado v. Domenech, 792 F. Supp. 2d 218, 221 (D.P.R. 2011)). Defendants are therefore "taken to have conceded the truth of the factual allegations in the

---

This Order concerns only the two defendants served with process pursuant to Federal Rule of Civil Procedure 4. [ECF No. 6].
[2] The Court's Standing Order allows 30 days from its date of issue, but the deadline for Plaintiffs to file their Motion for Default Judgment was July 30, 2018, because July 29, 2018 was a Sunday. See Fed. R. Civ. P. 6(a)(1)(C).

complaint as establishing the grounds for liability." Id. (quoting In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002)). "On a motion for a default judgment, however, it is appropriate to independently 'examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.'" Id. (quoting Ramos–Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002)). Accordingly, the following summary of facts is drawn primarily from Plaintiffs' complaint.

Plaintiffs are various Chinese corporations involved in the business of manufacturing and selling pet accessories. [ECF No. 1 ¶ 12]. Defendants are Massachusetts corporations headquartered in Beverly, Massachusetts. Id. ¶ 4, 7. At the time of the filing of this action, PetEdge was in the business of supplying wholesale grooming supplies and discount pet products, and Northeast Reliable was responsible for processing and funding the purchase orders that PetEdge placed with third party manufacturers of pet accessories, including Plaintiffs. Id. ¶¶ 18-19. Between October 4, 2016 and November 6, 2017, PetEdge, via Northeast Reliable, sent several purchase orders to Plaintiffs. Id. ¶¶ 20-36. The purchase orders indicated product types, quantities, and agreed upon prices for various pet accessories that PetEdge and Northeast Reliable wanted to purchase. Id. Defendants issued 29 purchase orders to Plaintiff Fuzhou Maozen Import & Export Co. ("Fuzhou Maozen"), 7 purchase orders to Plaintiff Dalian Jin Yu Metal Products Co., Ltd. ("Dalian"), 7 purchase orders to Plaintiff Jiangsu Zhongheng Pet Articles Joint-Stock Co., Ltd. ("Jiangsu Zhongheng"), 7 purchase orders to Plaintiff Jiangxi Yihan Imp & Exp Trade Co., Ltd. ("Jiangxi Yihan"), and 6 orders to Shanghai Toys Imp. & Exp. Co. Ltd. ("Shanghai Toys"). Id. Plaintiffs delivered all products identified in the purchase orders

to PetEdge, and PetEdge accepted the product deliveries.[3] Id. Defendants did not make any payment for the pet accessories that they ordered despite Plaintiffs' full performance of their contractual obligations, and neither PetEdge nor Northeast Reliable has acknowledged Plaintiffs' payment requests. [ECF No. 1 ¶¶ 20-36].

## III.   DISCUSSION

As an initial matter, the Court "has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties" before entering a default judgment. Plasterers' and Cement Masons' Local 40 Pension Fund v. Capital Curbing Corp., No. 09−236, 2010 WL 1424722, at *2 (D.R.I. Mar. 12, 2010), aff'd and adopted, 2010 WL 1376293 (D.R.I. Apr. 6, 2010). This Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, as "the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). This Court also has personal jurisdiction over Defendants because Defendants are Massachusetts corporations headquartered in Beverly, Massachusetts.

A default judgment may be entered without a hearing under Fed. R. Civ. P. 55(b) if "a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." In re The Home Restaurants, Inc., 285 F.3d at 114. As the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and Defendants have defaulted in this case, the Court will consider whether the allegations in the complaint state a specific cognizable claim for relief.

---

[3] Plaintiff Fuzhou Maozen acknowledges that at the time the Complaint was filed, the most recent delivery of products listed under invoice C18A07001 was being held at the Port of Oakland in Oakland, California. The total amount on invoice C18107001 is $37,621.38.

The Complaint alleges claims for breach of contract, unjust enrichment, and *quantum meruit* against Defendants. [ECF No. 1 ¶¶ 37-56].

"A breach of contract claim under Massachusetts law requires proof that the parties had a valid agreement, the defendant breached the agreement, and the plaintiff sustained damages" as a result of the defendant's breach. Guarriello v. Family Endowment Partners, LP, No. 14-cv-13351-IT, 2016 WL 7799639, at *12 (D. Mass. Aug. 10, 2016) (citing Michelson v. Dig. Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999)); see also Pavao v. Camara, No. 12-11028-DJC, 2014 WL 2453090, at *1-2 (D. Mass. May 29, 2014) (explaining that plaintiff made a sufficient showing as to the prima facie case for breach of contract where plaintiff alleged that defendant breached an agreement to pay money owed to plaintiff in consideration for a loan, and that plaintiff suffered damages in the amount of the outstanding balance).

Here, Plaintiffs adequately allege in their Complaint that Plaintiffs and Defendants had a valid agreement "pursuant to purchase orders, invoices, and requests for payment," and that Defendants breached their contractual obligations by failing to pay for the goods shipped by Plaintiffs. [ECF No. 1 at ¶¶ 37-45]. In support of their allegations, Plaintiffs have provided the relevant purchase orders, invoices, packing lists, and requests for payment. See [ECF Nos. 12-16] (including copies of the purchase orders, packing lists, commercial invoices, and requests for payment exchange between the parties). Additionally, officers of each Plaintiff have submitted affidavits attesting that Defendants accepted all product deliveries but have not made any payments in connection with those deliveries. Id. Because Plaintiffs have adequately pled their breach of contract claim and do not request relief beyond their damages claims for breach of contract, the Court does not address Plaintiffs claims for *quantum meruit* or unjust enrichment. See Louis P. Cote, Inc. v. DSA Encore, LLC, No. 16-cv-10862, 2016 WL 6496435, at *2 (D.

Ma. Oct. 28, 2016) (citing Santagate v. Tower, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005))

("An equitable remedy for unjust enrichment is not available to a party with an adequate remedy

at law.").

Plaintiff filed this motion under Federal Rule of Civil Procedure 55(b)(1), which provides

that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by

computation, the clerk . . . must enter judgment for that amount and costs." In all other cases,

"the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A claim is

for a "sum certain" where "there is no doubt as to the amount to which a plaintiff is entitled as a

result of the defendant's default." Dogbar Fishing Charters, Inc. v. Lash, No. 2:16-CV-00373-

JAW, 2016 WL 4574661, at *1 (D. Me. Sept. 1, 2016) (quoting KPS & Assocs. v. Designs by

FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)). "Examples of a 'sum certain' include 'actions on

money judgments, negotiable instruments, or similar actions where the damages sought can be

determined without resort to extrinsic proof.'" Id. (quoting KPS, 318 F.3d at 19−20). Here,

because the Court is relying in part on purchase orders, invoices, and affidavits attesting to

requests for payment [ECF Nos. 12-16], the Court will review the motion under Rule 55(b)(2).

"While a default judgment constitutes an admission of liability, the quantum of damages

remains to be established by proof . . . ." KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d

1, 19 (1st Cir. 2003) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). With regard to

damages, Fed. R. Civ. P. 55(b)(2) provides that the court "may conduct hearings or make

referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B)

determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D)

investigate any other matter." A hearing, however, is not necessarily required, particularly where

the pleadings and the moving party's affidavits establish the amount of the default judgment. See

In re The Home Restaurants, Inc., 285 F.3d at 114–15 (holding that district court did not abuse its discretion by entering default judgment without first holding an evidentiary hearing, where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default judgment).

As alleged in the Complaint, Defendants owe Plaintiffs $733,593.30 in connection with contracts that Defendants entered into with Plaintiffs. Plaintiffs submitted affidavits and documentation supporting their respective damage calculations, including copies of the invoices and requests for payment sent to Defendants in connection with the purchases at issue. Accordingly, this Court finds that Plaintiffs are entitled to judgment on their claim for breach of contract in the amount of $733,590.30. [ECF Nos. 12–16].

In addition to the outstanding balance owed by Defendants to Plaintiffs in regard to their breach of contract, Plaintiffs also request post-judgment interest as governed by 28 U.S.C. § 1961. Section 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Accordingly, this Court grants post-judgment interest on the damages awarded to Plaintiffs in this case. The interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." Id.

Upon consideration of the amended motion and accompanying materials described above, the Court agrees that Plaintiffs are owed a total of $733,590.30 comprised of the amounts set forth in Plaintiffs' motion, plus interest to be calculated by the clerk. See [ECF No. 17-1].

**III.      CONCLUSION**

Accordingly, Plaintiffs' motion for default judgment [ECF No. 11] is <u>GRANTED</u>. Default judgment shall hereby enter against PetEdge, Inc. and Northeast Reliable in the total amounts set forth below, plus post-judgment interest as governed by 28 U.S.C. § 1961(a).

- For Plaintiff Fuzhou Maozen: $362,597.04;

- For Plaintiff Dalian: $66,078.66;

- For Plaintiff Jiangsu Zhongheng $93,003.52;

- For Plaintiff Jiangxi Yihan: $82,235.12; and

- For Plaintiff Shanghai Toys: $129,678.96.

**SO ORDERED.**

Date: October 26, 2018                                   /s/ Allison D. Burroughs
                                                         ALLISON D. BURROUGHS
                                                         U.S. DISTRICT JUDGE